(9 Misc. Rep. 200.)

## KREISER v. SCOFIELD et al.

(City Court of New York, General Term.    June 20, 1894.)

EXECUTION.
> Every person who has anything to do with the wrongful issuance of an execution is liable to the person injured thereby.

Appeal from trial term.

Action by Samuel Kreiser against Cyrus Scofield and William G. McCrea.    There was a judgment in favor of plaintiff, and defendants appeal.    Affirmed.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

Wm. G. McCrea, for appellants.

Abram Kling, for respondent.

FITZSIMONS, J.    The order of the supreme court dated May 12, 1891, declared the body execution issued against plaintiff to be void and unlawful.    Every person having anything to do with such a process is in law a wrongdoer, and liable for any damage done the injured person.    There is testimony in the case showing that the defendant McCrea was one of the persons connected with the issuance of said execution; therefore he, and all others having anything to do with the issuance of said execution, were jointly and severally liable to plaintiff for any damage done him.    The testimony also establishes that the defendant Scofield had to do with the issuance of said execution; thus his liability is also established.    The judgment must be affirmed, with costs.    All concur.

---

## ROOME et al. v. JENNINGS et al.

(City Court of New York, General Term.    June 20, 1894.)

DAMAGES—PROXIMATE CAUSE—CONCEALMENT OF FACTS.
> After plaintiff had sold goods, he discovered that the nominal purchaser was acting for defendants, and, though defendants agreed to pay the contract price on delivery of the goods, plaintiff refused to make the delivery, and terminated the contract. *Held*, that the loss sustained by plaintiff in consequence of the failure to complete the sale was not caused by defendants' concealment of the fact that they were the purchasers.

Appeal from trial term.

Action by William R. Roome and others against Frederick C. Jennings and others.    The complaint was dismissed, and plaintiffs appeal.    Affirmed.

For former reports, see 20 N. Y. Supp. 614; 21 N. Y. Supp. 938.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

F. A. Thomson, for appellants.

Putney & Bishop, for respondents.

FITZSIMONS, J.    Conceding that the defendants concealed the fact that they were the purchasers of the teas in question, that mere suppression of the truth does not give the plaintiffs a cause of

action, unless they were injured thereby. The testimony even of the plaintiffs shows that they suffered no damage, because, on the 16th or 17th of February, when defendants declared that they were the purchasers, they also declared that they would pay the contract price for said teas upon their delivery to them. But plaintiffs refused to deliver, and elected to terminate the contract; and, if they suffered damage, they so suffer because of their own act, and therefore cannot complain, or claim against defendants any damage. For the reason assigned by the trial justice and the foregoing, the complaint was rightfully dismissed. Judgment is affirmed, with costs.

CONLAN, J., concurs.   NEWBURGER, J., concurs in the result.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.